20304

John B. TATE, Respondent. v. SLOAN CONSTRUCTION COM-
PANY, INC., and L. A. BARRIER and Sons, Appellants.

(229 S. E. (2d) 846)

*Hoover C. Blanton, Esq, of Whaley, McCutchen & Blan-
ton,* Columbia, *for Appellant, Sloan Construction Company,*

*Inc.,*

*R. Davis Howser, Esq., of Richardson, Plowden, Grier & Howser,* Columbia, *for Appellant, L. A. Barrier and Sons,*

*Herbert W. Louthian, Esq., of Louthian & Merritt,* Columbia, *for Respondent,*

November 9, 1976.

NESS, Justice:

This is an appeal from a personal injury action. Respondent was driving a motorcycle designed for trail riding when he overtook a car following a loaded asphalt dump truck proceeding slowly up a hill. The truck was in the proximity of a fire break entrance where respondent intended to ride. Respondent turned onto the unpaved shoulder to the right of the vehicles and allegedly hit an obscured clump of asphalt sustaining severe injuries.

Respondent instituted his tort action against appellant, Sloan Construction Company, Inc., the asphalt manufacturing company in the area, and appellant, L. A. Barrier and Sons, one of the commercial haulers of asphalt which operated out of the Sloan asphalt plant. Both appellants raise similar exceptions relating to the denials of their various dispositive motions bottomed on the failure of proof of actionable negligence and contributory negligence or assumption of the risk of the respondent. The trial judge denied appellants' trial and post trial motions. We disagree and reverse the judgment.

Although the attempted establishment of actionable negligence or breach of a duty was extremely tentative as to Barrier and even more nebulous to Sloan, we do not reach these issues. We hold that the proximate cause of the accident was the negligence of the respondent.

The evidence viewed in the light most favorable to the respondent indicated that he was thirty-one years old and had at least ten years experience driving motorcycles. He testified he owned this particular motorcycle only three months but he rode it every day and had recorded approximately two thousand miles of recreational riding in that period.

Respondent was aware that the shoulder was covered by tall green grass ten to twelve inches high. He had also observed asphalt clumps strewn along both sides of the highway. Furthermore, prior to his injury he actually saw asphalt around a broken down dump truck in the approximate location of the accident.

Respondent testified that he turned onto the unpaved shoulder at fifteen to twenty miles per hour. However, he admitted that when he was deposed approximately four years prior to trial he had estimated his speed as between thirty and thirty-five miles per hour. In any event, it is undisputed that he voluntarily and without necessity drove off the two-laned paved highway onto the unpaved shoulder instead of slowing down and following the slower moving vehicles.

The absence of a finding of punitive damages by the jury negating recklessness or willfulness made contributory negligence a complete defense in regard to the motion for a judgment *non obstante veredicto*. *Bramlett v. Southern Railway Company*, 234 S. C. 283, 108 S. E. (2d) 91 (1959).

The evidence inescapably establishes that the respondent failed to exercise reasonable care for his own safety and that his negligence proximately produced his injuries. *Ledford v. R. G. Foster & Co.*, 252 S. C. 546, 167 S. E. (2d) 575 (1969). We therefore hold that he was contributorily negligent as a matter of law which bars his recovery against either appellant.

In view of the foregoing conclusion, it becomes unnecessary to consider the other questions presented in this appeal.

Accordingly, the judgment of the lower court is reversed and the case remanded thereto for entry of judgment in favor of the appellants.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.